

FILED

SEP - 7 2011

CLERK, US DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
) CIVIL ACTION NO. 2:11cv503
)
Plaintiff, )
) C O M P L A I N T
v. )
) JURY TRIAL DEMAND
SHIV CORPORATION D/B/A SUBWAY; )
GANGA CORPORATION D/B/A SUBWAY; )
SHUBH CORPORATION D/B/A SUBWAY; )
AASTHA CORPORATION D/B/A SUBWAY; )
MAHESHWARI CORPORATION D/B/A SUBWAY; )
MADHUSUDAN CORPORATION D/B/A SUBWAY; )
SOHAM CORPORATION D/B/A SUBWAY; )
KHUSHI CORPORATION D/B/A SUBWAY; and )
KARM CORPORATION D/B/A SUBWAY )
)
Defendants. )
)

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act

of 1991, to correct unlawful employment practices on the basis of sex and to provide appropriate

relief to Lindsey Muddiman who was adversely affected by such practices. As alleged with

greater particularity herein below, the Equal Employment Opportunity Commission (the

"Commission") alleges Defendants Shiv Corporation, Ganga Corporation, Shubh Corporation,

Aastha Corporation, Maheshwari Corporation, Madhusudan Corporation, Soham Corporation,

Khushi Corporation, and Karm Corporation d/b/a Subway (hereinafter jointly "Defendants"),

-1-

subjected Lindsey Muddiman to a hostile work environment based on her sex, which resulted in her being constructively discharged.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(A)(1).

2.      The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia, Norfolk Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3), 42 U.S.C., Section 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendants have each continuously been Virginia corporations doing busi. ess in the State of Virginia, and the City of Virginia Beach. At all relevant times, Defendants have operated as an integrated business enterprise and have, as an integrated business enterprise, continuously had at least fifteen employees.

5.      At all relevant times, Defendants have jointly and severally continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e (b), (g) and (h).

STATEMENT OF CLAIMS

6.    More than thirty days prior to the institution of this lawsuit, Lindsey Muddiman filed a charge with the Commission alleging violations of Title VII by Defendants.    All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    Since on or about July or August 2007, the Defendants engaged in unlawful employment practices at a facility located in Virginia Beach, Virginia, in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e-2(a)(1) as set forth below:

a.    Muddiman was 15 years old when Defendants hired her in June 2007 as a "sandwich artist" at Defendants' Virginia Beach location.  Muddiman turned 16 years old in August 2007.  From around July or August 2007, until her resignation in or around June 2008, Defendants subjected Muddiman to sexual harassment that created a sexually hostile work environment based on her sex, female.  The harassment was perpetrated by the male store manager at the facility where Muddiman worked.  The store manager was Muddiman's direct supervisor, and was 30 years of age or older at the time he harassed Muddiman.

b.    The harassment was severe or pervasive and included both unwelcome sexual comments and unwelcome sexual touching.  The sexual harassment included but was not limited to such things as the manager: sending Muddiman text messages requesting that Muddiman visit him at his home after work to hang out with him; requesting sex from Muddiman; touching Muddiman's buttocks; forcing Muddiman to engage in other sex acts with him; sending Muddiman text messages indicating that the manager was in love with Muddiman; groping Muddiman;  and telling Muddiman how pretty she is and/or how good she smells.  Ultimately, Muddiman agreed to engage in sexual intercourse with the manager on approximately three

occasions, following the manager's repeated requests to Muddiman for sexual activity. This type of conduct from the manager, who was in his thirties, directed toward Muddiman who was 15 and then 16 years old, occurred almost every day Muddiman worked with the manager.

c.    Muddiman was uncomfortable with the store manager's sexual comments and sexual conduct. The store manager's conduct was unwelcome to Muddiman, who at 15/16 years old could not legally consent to sexual intercourse. The store manager's conduct toward Muddiman was in violation of criminal law. On information and belief, the store manager plead guilty to contributing to the delinquency of a minor as a result of having had sexual relations with Muddiman.

d.    On or about June 6, 2008, when Muddiman's father became aware of the sexual harassment by the manager directed toward Muddiman, he contacted Subway's corporate office and complained about the sexual harassment. The father was told that he needed to contact the owner of the store where Muddiman worked, but was not given contact information for the owner. On or about June 6, 2008, Muddiman's father stopped Muddiman from working for Defendants to protect Muddiman's safety and welfare, resulting in Muddiman's constructive discharge.

e.    At the time of Muddiman's employment, Defendants had no policy aimed at preventing or correcting sexual harassment in the work place.

8.    The effect of the practices complained of above has been to deprive Muddiman of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

9.    The unlawful employment practices complained of above were intentional.

-4-

10.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Muddiman.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from creating or maintaining a sexually hostile work environment or any other employment practice which discriminates on the basis of sex, female.

B.    Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendants to make Muddiman whole by providing appropriate back pay and benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement or front pay.

D.    Order Defendants to make Muddiman whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.    Order Defendants to make Muddiman whole by providing compensation for non-pecuniary losses resulting from the unlawful practices complained of above, including past and future emotional pain and suffering, humiliation, embarrassment, anxiety, inconvenience, loss of enjoyment of life, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F.     Order Defendants to pay Muddiman punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs in this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the ___ of September, 2011.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

TRACY HUDSON SPICER
Supervisory Trial Attorney
Washington Field Office
1801 L Street, N.W., Suite 100
Washington, D.C. 20507

LYNETTE A. BARNES
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202

AMY E. GARBER

-6-

Trial Attorney
Virginia Bar No. 37336
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Norfolk Local Office
200 Granby Street, Suite 739
Norfolk, Virginia 23510
Phone:  (757) 441-3134
Fax:      (757) 441-6720
E-mail:  amy.garber@eeoc.gov

**ATTORNEYS FOR THE PLAINTIFF**